IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHAMEIKA Q MCCLAIN, on
behalf of GKB,

    Plaintiff,

v.                                            CASE NO. 1:08-cv-00130-MP-AK

MICHAEL J ASTRUE,

    Defendant.

_____/

# O R D E R

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for Supplemental Security Income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner is affirmed.

**A.**     **PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on October 19, 2005, alleging a disability onset date of June 1, 2004, because of asthma, bronchitis, and eczema. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on January 24, 2007, which resulted in an unfavorable decision on March 5, 2007. The Appeals Council remanded the case back to the ALJ, who held a second hearing on February 27, 2008, and again entered an unfavorable decision, on March 20, 2008. The Appeals Council denied Plaintiff's request for

review, thus making the decision of the ALJ on March 20, 2008, the final decision of the Commissioner, and the decision under review herein.

**B.     FINDINGS OF THE ALJ**

The ALJ found that the Plaintiff is not disabled within the meaning of the Social Security Act, and therefore not eligible to receive SSI.[1] The ALJ found that Plaintiff experienced no limitation in four of the six functional domains established in 20 CFR 416.924(d) and 416.926(a). (R. 21-24). The ALJ did find that the Plaintiff had a less than marked limitation in interacting and relating with others and marked limitation in his health and well being. (R. 22, 25). However the ALJ still did not find sufficient evidence to support a finding that the Plaintiff was disabled.

**C.     ISSUES PRESENTED**

Plaintiff argues:

1. That the ALJ failed to fully and fairly develop the record on behalf of the 4 year old plaintiff with regards to Plaintiff's hyperactivity; and,

2. The ALJ erred at Step 2 by not finding the 4 year old's hyperactivity to be a severe impairment.

With regards to the first issue, the Commissioner responds that Plaintiff's mother did not allege hyperactivity or any other mental condition in the application for benefits or anywhere else in the record. It is the responsibility of the Plaintiff to obtain the necessary medical evidence to make a determination and present this medical evidence to the ALJ.

---

[1] This Court notes that the Plaintiff was approved to receive Supplemental Security Income on August 22, 2008, after filing a second disability application on May 28, 2008.

*Case No: 1:08-cv-00130-MP-AK*

In response to the second issue, the Commission argues that there was no evidence that any symptoms of hyperactivity impaired Plaintiff's ability to understand, learn, or interact with others.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230

(11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

Childhood disability is defined by the regulations:

An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which have lasted, or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §1382c(a)(3)(C)(1).

The regulations set forth a three-step sequential evaluation process:

1. The ALJ must determine if the child is performing substantial gainful activity;
2. If not, the ALJ must determine whether the child's impairments are severe; and
3. If severe, the ALJ must determine whether the impairments meet or equal the severity of a listed impairment. 20 CFR §416.924.

If the ALJ finds that the impairments are severe, but do not meet the listing requirements, he may find that the impairments result in limitations that functionally equal the listings. 20 CFR § 416.926a. To establish functional equivalence in step 3, the ALJ must have a medically determinable impairment that results in marked limitations in two functional domains or an extreme limitation in one domain. 20 CFR § 416.926a(a). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical

well-being.  20 CFR 416.926a.

**E.     SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff was born on January 23, 2004.  Plaintiff has been diagnosed with asthma and eczema.  (R. 249).  As a result of these conditions, Plaintiff requires multiple breathing treatments a day and medicated lotion is applied to his skin daily. Plaintiff's activities are closely monitored at home and at school in order to help prevent severe asthma attacks.  Plaintiff also takes daily medications for both his asthma and eczema.  At the hearing, Plaintiff's mother also provided the ALJ with an evaluation from Meridian Behavioral Healthcare in which the evaluating physician identified a treatment plan to help decrease Plaintiff's hyperactivity and increase his self-control.  (R. 17).   The treatment plan was dated February 12, 2008.  (R. 17). There was no evidence presented that the Plaintiff suffered from these symptoms when his original application was filed on October 19, 2005.

**F.     SUMMARY OF THE ADMINISTRATIVE HEARING**

A hearing was held on claimant's application on February 27, 2008.  At the hearing, Shameika McClain, the Plaintiff's mother, testified on the Plaintiff's behalf. McClain was informed of her right to counsel at the hearing, but chose to appear on her own behalf. (R. 38-39).   McClain testified that GKB is four years old, forty-five (45) inches tall, and weighs forty-five (45) pounds.  (R. 42).  McClain conceded that GKB is of average height and weight for his age.  (R.  43). At the time of the hearing, GKB was attending kindergarten and managing "okay." (R. 43).

McClain informed the court that GKB suffers from severe asthma and eczema. According to McClain, GKB experiences frequent asthma attacks when playing at school or at

home. (R. 44-48). GKB's playing time at both school and at home must be closely monitored and limited due to his propensity for asthma attacks. (R. 43-44). The teachers at his school are unable to control his asthma with an inhaler, and he has had extended absences from school due to the asthma. (R. 44). While at home, GKB receives four treatments a day for his asthma. (R. 44). GKB has been hospitalized once for his asthma. (R. 47). McClain also testified that GKB is more susceptible to colds due to his asthma, and estimates he has had bronchitis five times a year as a result of the asthma. (R. 49).

GKB also suffers from eczema all over his body. (R. 46). At times, GKB's eczema is so bad that he scratches himself to the point of bleeding and this, in turn, exacerbates his asthma and can lead to an asthma attack. (R. 45, 47). GKB takes multiple medications for both his asthma and eczema. (R. 48). McClain testified that the Plaintiff also experiences side effects from the medication. (R. 50). McClain believes that the medication causes the Plaintiff to shake or appear jittery and it disrupts his sleep. (R. 50).

## G.  DISCUSSION

With regards to the first issue raised by the Plaintiff, the Plaintiff alleges that the ALJ failed to adequately address the issue of the Plaintiff's hyperactivity. This Court finds that the ALJ did sufficiently develop a full and fair record on behalf of the Plaintiff. An ALJ has a clear duty to fully and fairly develop the administrative record. Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995). This duty is heightened where a claimant is unrepresented, and this special duty essentially requires the development of a record that shows the claimant was not prejudiced by lack of counsel. Id.; Ellison v. Barnhart, 355 F.3d 1272 (11th Cir. 2003). In carrying out this duty, an ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all

relevant facts." Smith v. Schweiker, 677 F.2d 826 (11th Cir. 1982). In all such cases, there must be a showing of prejudice before remand is warranted for further development. Brown, 44 F.3d at 935; Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). Prejudice has been found when the record has "evidentiary gaps which result in unfairness or 'clear prejudice.'" Brown, 44 F.3d at 935, *quoting* Ware v. Schweiker, 651 F.2d 408 (5th Cir. Unit A July 1981), cert. denied 455 U.S. 912.

An ALJ is not required to order medical evidence to have a complete record unless the record establishes that it is necessary to enable the ALJ to render his decision. Holladay v. Bowen, 848 F.2d 1206 (11th Cir. 1988)(concerning the ordering of a consultative examination); Kelly, 761 F.2d at 1540 (concerning additional medical information submitted by the claimant). Furthermore, the ALJ is under no "obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." Pena v. Chater, 76 F.3d 906, 909 (8th Cir. 1996)(quoting Brockman v. Sullivan, 987 F.2d 1344, 1348 (8th Cir. 1993)). See 20 C.F.R. §§ 404.1512, 416.912.

In the instant case, the Plaintiff did not allege any disability due to his hyperactivity disorder at the time of his application. At the hearing, McClain did testify that the Plaintiff was "disruptive to the class" and "very hyper." (R. 43, 44). McClain also informed the ALJ that she had recently taken the Plaintiff to a behavior specialist. (R. 48). However at no point during the hearing did McClain state that the Plaintiff was impaired by hyperactivity to the point of disability. This alone is enough to defeat this claim. See Hernandez-Ramirez v. Astrue, 2009 WL 2876771, 3 (M.D. Fla. 2009)(where the reviewing court determined that the claimant's failure to inform the ALJ at the hearing that she was alleging significant knee pain as a part of

her disability, was enough to defeat her claim).

McClain did provide the ALJ with a treatment plan, prepared by Meridian Behavioral Healthcare, Inc., dated February 12, 2008. (R. 272). However this report did not contain an affirmative diagnosis, and instead merely established a generic treatment plan for the Plaintiff's behavioral problems. Because the Plaintiff did not claim that hyperactivity was a contributing factor to his alleged disability, there was no reason for the ALJ to investigate further into that condition. The ALJ fully and fairly developed the record based on the claims and evidence presented by the Plaintiff.

As to the second issue, the Plaintiff alleges that the ALJ erred when she failed to find that Plaintiff's hyperactivity was a severe impairment. However, a review of the record reveals that there was insufficient evidence to support a finding that the Plaintiff's alleged hyperactivity was a disabling limitation during the application period.

As previously stated, the only medical evidence presented in support of the Plaintiff's claim that he suffered from hyperactivity was the limited report from Meridian Behavioral Healthcare, Inc. (R. 272). This report was dated February 12, 2008, while the Plaintiff's original application was filed on October 19, 2005. Nowhere in the brief report does it allege that the Plaintiff's hyperactivity is disabling or disruptive to his everyday life. Nor does it allege that any hyperactivity existed at the time of the Plaintiff's application. Because this was the only

evidence presented regarding the Plaintiff's hyperactivity, there was insufficient evidence to support that any hyperactivity was disabling.

Accordingly, it is

**ORDERED AND ADJUDGED:**

That the decision of the Commissioner denying benefits is **AFFIRMED**.

**DONE AND ORDERED** this  *31st*   day of March, 2010

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
